THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

UNITED STATES OF AMERICA,

                    Plaintiff,

-against-

$3,700 IN UNITED STATES
CURRENCY,

                    Defendant.
------------------------------------------------------X

04 Civ. 5944 (KMW)
OPINION & ORDER

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/9/11

WOOD, U.S.D.J.:

Mustafa Ozsusamlar ("Claimant") moved, on August 23, 2010, to Vacate the Default Judgment in this case pursuant to Federal Rule of Civil Procedure 60(b). Claimant alleges that he has an interest in the Defendant Currency but was not given notice of the default judgment proceedings. Plaintiff, the United States of America (the "Government"), responds that Claimant's Motion to Vacate was not timely filed pursuant to the timing requirements of Rule 60 of the Federal Rules of Civil Procedure ("Rule 60"). For the following reasons, Claimant's motion to vacate is GRANTED. Claimant's motion to have counsel appointed is DENIED.

I. **Background**

On July 30, 2004, the Government initiated a civil forfeiture action against the Defendant Currency pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 984, on the ground that the Defendant Currency constitutes or is derived from proceeds traceable to a conspiracy in violation of 18 U.S.C. §§ 201(b)(1)(B) and 201(b)(1)(C). On August 27, 2004, the Verified Complaint was sent by certified mail, return receipt requested, to, *inter alia*, Claimant, at the Metropolitan Correctional Center, where he was then incarcerated, and to Claimant's counsel, Mr. B. Alan Seidler. The Complaint was accompanied by a letter from the United States Attorney, notifying

1

the recipients that they may have an interest in the action, that they could contest the forfeiture by filing a claim and Answer in the action, and that failure to do so could result in the entry of a default judgment against the property.

On October 28, 2004, this Court ordered Mr. Seidler, who represented Claimant in the related criminal trial, to represent Claimant in this matter, and ordered that Mr. Seidler be compensated for that representation pursuant to 18 U.S.C. § 3006(a). (Dckt. Entry No. 5).[1] The docket in this case shows that a status conference was held on October 29, 2004, at which Claimant, Mr. Seidler, and counsel for the Government were present. At that time, Claimant was told to notify the Court by November 12, 2004 as to whether he wished to proceed with the action and assert a claim for the Defendant Currency. On November 12, 2004, Mr. Seidler wrote to the Court requesting that a conference set for November 19, 2004 be adjourned to a date in December 2004 in order to provide Mr. Ozsusamlar with time to confer with his family regarding settlement of this matter. The Court granted this request and adjourned the conference to December 2, 2004 (Dckt. Entry No. 4). It is not clear from the record whether the adjourned conference ever took place.[2]

In February 2005, the Government served notice of this *in rem* action by publishing notices in the New York Law Journal. Some time thereafter, the Government moved for a default judgment, which the Court entered on August 23, 2005 (Dckt. Entry No. 7).

On March 22, 2011, the Court ordered the parties in the case (as well as Claimant's attorney) to supplement the record with information to show whether Claimant (or his attorney)

---

[1] Mr. Ozsusamlar claims that Mr. Seidler had previously informed him that he would represent him in the instant matter if he was provided with an additional retainer of $2,000. According to Mr. Ozsusamlar, his son paid the $2,000 to Mr. Seidler.

[2] Mr. Seidler states that Claimant neither told him to continue to litigate the forfeiture nor authorized him to do so, and that, as a result, Mr. Seidler did not pursue the matter further and did not seek compensation for it. (*See* Affirmation of B. Alan Seidler (Dckt. Entry No. 22) ¶¶ 2-3, annexed as Exhibit A hereto.)

2

was ever provided notice of the application for default pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. The parties' submissions do not demonstrate that Claimant or his attorney received the requisite notice of the pending motion for a default judgment. In particular, the Government states that it has been unable to ascertain whether notice of the motion for a default of judgment, or notice of the entry of the default judgment were provided to Claimant or his counsel. Claimant and his attorney state that they did not receive any notice of the default judgment.

## II. Analysis

A motion to vacate a final judgment under Rule 60(b) is "addressed to the sound discretion of the district court and [is] generally granted only upon a showing of exceptional circumstances." *Mendell in Behalf of Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir.1990). At the same time, the Second Circuit has "expressed a strong preference for resolving disputes on the merits. . . . Accordingly, in ruling on a motion to vacate a default judgment, all doubts must be resolved in favor of the party seeking relief from the judgment in order to ensure that to the extent possible, disputes are resolved on their merits." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) (internal citations and quotation marks omitted).

Rule 60(b) provides that a party may be relieved from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;

3

>(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

>(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(c) provides that "[a] motion under Rule 60(b) must be made within a reasonable time." Fed. R. Civ. P. 60(c). The rule provides specifically that a motion must be made no later than one year after the entry of the judgment, if the motion to vacate is based on subsections (1), (2), or (3). *Id.*

Claimant's motion does not specify the provision of Rule 60(b) under which he makes his motion. However, the most critical problem with the proceedings that resulted in the default judgment against him is that, according to the record before the Court, he never received notice of the application for default judgment, or the entry thereof. Indeed, the record does not show that the Government even attempted to notify Claimant or his counsel of the pending default judgment motion.

Under Rule 55(b)(2), "[i]f a party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing." Fed. R. Civ. P. 55(b)(2). The Second Circuit has not decided whether an informal appearance is sufficient to trigger the notice requirement, or if the appearance requires a formal submission to the Court. *See Green*, 420 F.3d at 105-06 (acknowledging circuit split on the issue but declining to decide it). However, the Second Circuit held that even if an informal appearance would suffice, at a minimum, the defaulting party, "in communicating with the moving party," must "express a clear intention to defend the suit." *Id.* at 106 (citations omitted).

Because this is an action *in rem*, in which a claimant is not technically a party to the case until he files a claim with the court, it is a close question whether the Government is required to notify Claimant of its motion for a default judgment, where the Claimant has not formally appeared in the case. However, because of the unique circumstances in this case, in which Claimant made the Court and the Government aware of his interest in the funds, and in which Claimant's counsel demonstrated some intent to assert a claim to the funds (but did not do so for reasons that are in dispute), the Court concludes that Claimant "appeared" to an extent sufficient to trigger the Rule 55(b)(2) notice requirement.

The next question that arises is, assuming that the Government was required to provide that notice and failed to provide it, what is the remedy? The Second Circuit has acknowledged a split of authority on whether a failure to provide notice under Rule 55(b)(2) renders a default judgment void under Rule 60(b)(4) or merely void*able* under Rule 60(b)(6). *Green*, 420 F.3d at 107 n.2 (acknowledging circuit split and expressly declining to decide the issue).

Keeping in mind that "all doubts should be resolved in favor of those seeking relief under Rules 55(c) and 60(b)," *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983), and that *pro se* submissions should be read "liberally . . . to raise the strongest arguments they suggest," *Wright v. C.I.R.*, 381 F.3d 41, 44 (2d Cir. 2004), the Court construes Claimant's petition to argue that the Default Judgment is void for lack of notice, and that it thus must be vacated under Rule 60(b)(4). In light of the Government's failure to provide the requisite notice to Claimant or his counsel of the motion for default judgment or the entry of default, the Court holds that the default judgment must therefore be vacated. *Cf. In re Emmerling*, 223 B.R. 860, 867 (2d Cir. 1997) (holding that failure to provide Chapter 7 debtor with notice of motion for entry of default judgment in nondischargeability proceeding required that the default judgment be vacated); *In re Roxford*

5

*Foods, Inc.*, 12 F.3d 875, 881-82 (9th Cir. 1993) ("Absent special circumstances, the failure to give necessary notice will <u>require</u> that the default judgment be set aside where attacked on direct appeal or by a motion to vacate the judgment.") (emphasis added); *Press v. Forest Labs., Inc.*, 45 F.R.D. 354 (S.D.N.Y. 1968) ("Where notice of a motion for a default judgment is required, but not given, such a judgment entered without notice <u>must</u> be vacated as a matter of law.") (emphasis added).

It is true that the instant motion was made well after the one-year limit on Rule 60(b) motions under subsections (1), (2) and (3), and that even motions under Rule 60(b)(4) must be made "within a reasonable time." However, the Second Circuit has been "exceedingly lenient in defining the term 'reasonable time' with respect to voidness challenges. In fact, it has been oft-stated that, for all intents and purposes, a motion to vacate a default judgment as void 'may be made at any time.'" *"R" Best Produce, Inc. v. DiSapio*, 540 F.3d 115, 124 (2d Cir. 2008) (quoting *Beller & Keller v. Tyler*, 120 F.3d 21, 24 (2d Cir. 1997)).

Although Claimant's affidavit in support of his motion does not raise a defense, beyond a bare statement that the Defendant Currency belongs to him "and is not the product of any unlawful act," Claimant's Motion at ¶ 1 (Dckt. Entry No. 8), courts do not require that the party seeking to vacate the default "conclusively establish the validity of the defense(s) asserted." *Davis*, 713 F.2d at 916. *See also United States v. United States Currency in the Amount of $7,531*, 716 F. Supp. 92, 93 (E.D.N.Y. 1989) (holding that claimant's allegations that he owned and possessed the defendant property, and that it was purchased with money derived from legitimate means, were sufficient to satisfy this element). *Cf. R. "Roy" Peralta v. Heights Med. Ctr*, 485 U.S. 80, 86-87 (1988) (holding that Due Process Clause required that where judgment

was void for insufficient service of process, defendant in state court case was not required to present meritorious defense to set aside judgment).

## III. Conclusion

For the reasons stated above, the Court GRANTS Claimant's motion, and vacates the default judgment entered on August 23, 2005 (Dckt. Entry No. 7). Claimant's motion to appoint counsel is DENIED.

SO ORDERED.

DATED:   New York, New York
         August 9, 2011

*/s/ Kimba M. Wood*
KIMBA M. WOOD
United States District Judge

# **EXHIBIT A**

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------x
UNITED STATES OF AMERICA

            v.
Mustafa Ozsusamlar,                  AFFIRMATION
                                     04 CV 5944(KMW)
            Defendant.
--------------------------------x

State of New York    )
                          ss:
County of New York   )
```

B. Alan Seidler, an attorney admitted to practice law in the State of New York, and this District, affirms the following to be true:

1. I was formerly the attorney for defendant Ozsusamlar during the relevant period of time.
2. After my review of the case materials I remain convinced that Ozsusamlar never authorized me to continue to litigate the issue of the $3700 forfeiture on his behalf, or inform me that he wanted to continue to litigate the issue of the $3700 forfeiture.
3. As a consequence, I never submitted a CJA request for compensation in that case.
4. However, at this point I have no clear recollection of the manner in which Ozsusamlar conveyed this position to me.

Affirmed by,

*[signature]*

B. ALAN SEIDLER
Attorney for Movant
580 Broadway
New York, NY 10012
212-334-3131
212-334-2211 fax